```
                                                              USDC-SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC#:
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 07/25/2022
```

TIMOTHY J. GOLDEN,

                      Plaintiff,

        v.                                 No. 22-CV-5757 (RA)

VERIZON,                                    ORDER OF SERVICE

                      Defendant.

RONNIE ABRAMS, United States District Judge:

      Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that his employer discriminated against him based on his disability. By order dated July 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

      To allow Plaintiff to effect service on Defendant Verizon through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Return form ("USM-285 form") for Verizon. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Verizon.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 forms with the address for Verizon and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail both an information package and a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  July 25, 2022
        New York, New York

                                                    _____
                                                              RONNIE ABRAMS
                                                        United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Verizon
   1095 Avenue of the Americas, Room 3760
   New York, NY 10036