UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY J. GOLDEN,

                    Plaintiff,

       v.

VERIZON NEW YORK INC.,

                    Defendant.

No. 22-CV-5757 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

       On July 16, 2024, the Court ordered Mr. Golden to submit a letter to the Court no later than August 1, 2024, stating whether he sought to amend his complaint. *See* Dkt. No. 62. On August 5, 2024, after receiving no letter from Mr. Golden, the Court closed this case. *See* Dkt. No. 63. The Court is now in receipt of a letter from Mr. Golden, dated July 31, 2024, which seeks to amend his complaint. *See* Dkt. No. 64.

       Generally, courts should freely give leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir.1995). However, "[r]easons for a proper denial of leave to amend include … futility of the amendment." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). In determining futility, the test is whether "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." *Coniglio v. Cucuzza*, 345 F.R.D. 372, 377 (E.D.N.Y. 2024).

       Mr. Golden's motion for leave to amend is denied. Having considered his July 31 letter and its attached exhibits, the Court finds that any amendment would be futile because his federal claims remain time-barred. As the Court explained in its February 16, 2024 opinion, Mr. Golden's federal claims are time-barred because, among other reasons, his 2021 EEOC charge was filed too

late—long after his January 26, 2018 retirement. *See Golden v. Verizon New York Inc.*, No. 22-CV-5757 (RA), 2024 WL 664781, at *4 (S.D.N.Y. Feb. 16, 2024). Further, Mr. Golden identifies no new facts that would cure his complaint's deficiencies. Courts in this Circuit routinely deny leave to amend where any amendment would be futile because the claims remain time-barred. *See, e.g.*, *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 564 (E.D.N.Y. 2020); *Ferring B.V. v. Allergan, Inc.*, 4 F. Supp. 3d 612, 618 (S.D.N.Y. 2014); *Fahlund v. Nassau Cnty.*, 265 F. Supp. 3d 247, 260 (E.D.N.Y. 2017).[1]

The Clerk of Court is respectfully directed to close this case and mail a copy of this Order to Mr. Golden. The Court again encourages Mr. Golden to reach out to a lawyer or legal assistance group as soon as possible to discuss whether it is instead in his interest to file an action bringing any plausible, non-time-barred claims in state court before the statute of limitations runs out.

SO ORDERED.

Dated:  August 9, 2024
        New York, New York

Hon. Ronnie Abrams
United States District Judge

---

[1] In his letter, Mr. Golden also seeks to bring a new claim under 18 U.S.C. § 1001, which criminalizes false statements made within the jurisdiction of a federal agency. Any such claim would not survive a motion to dismiss, however, because there is no private right of action under this federal criminal statute. *See Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992). Courts in this Circuit regularly dismiss claims brought under 18 U.S.C. § 1001 for this reason. *See, e.g.*, *Wagner v. Stout St. Fund I L.P.*, No. 13-CV-4256 MKB, 2013 WL 4679623, at *3 (E.D.N.Y. Aug. 30, 2013) ("Section 1001 does not provide a private cause of action for litigants engaged in a civil dispute."); *Sun-Ming Sheu v. Centex Home Equity*, No. 06-CV-2235 (ARR), 2006 WL 8452032, at *2 (E.D.N.Y. Sept. 18, 2006), *aff'd*, 295 F. App'x 392 (2d Cir. 2008); *Shah v. New York State Dep't of Civ. Serv.*, No. 94 CIV. 9193, 1996 WL 19021, at *7 n.11 (S.D.N.Y. Jan. 17, 1996). Thus, to the extent Mr. Golden seeks to amend his complaint by adding an 18 U.S.C. § 1001 claim, the Court denies leave to amend as futile.